## Kachulis v. George

618

*John J. Regule*, for plaintiff.

*William J. Joyce*, for defendants.

STRANAHAN, J., April 14, 1967.—Plaintiff in this case, Thomas Kachulis, has brought an action in assumpsit against Albert George and Zariffe George, husband and wife, individually and as partners in the partnership of Kachulis and George.

The suit consists of a claim for services performed in the collection of rentals and the management of certain real estate belonging to the partnership of Kachulis and George. The other portion of the suit concerns itself with a claim for tax services allegedly performed by plaintiff.

Defendant has made a motion under Pennsylvania Rule of Civil Procedure 1035 for a summary judgment as to that portion of plaintiff's claim which deals with the services performed in collecting rents and managing real estate belonging to the partnership.

It is defendants' contention that the Act of May 1, 1929, P. L. 1216, sec. 1, and its amendments, 63 PS §431 et seq., which is commonly known as the Real Estate Brokers License Act of 1929, prohibits plaintiff from recovering for the services that he has performed.

The amended complaint in this matter indicates that Thomas Kachulis is a licensed real estate salesman. Such being the case, it is defendants' contention that he cannot bring a suit to recover for services of the type claimed here. Such a suit is barred under section 16 of the act, 63 PS §446.

The court has reviewed the Real Estate Brokers License Act, including the definitions contained in the act, and notes that the definition of a real estate broker includes persons who "shall collect or offer or attempt to collect rental for the use of real estate. . . ." and "all managers of office buildings, apartment buildings and other buildings".

Section 16, 63 PS §446, of said act provides that suit for the collection of rents and management of buildings can be brought only by a real estate broker.

The court also notes in section 15 of said act, 63 PS §445, that it provides in subsection (b):

"No real estate salesman shall accept or receive compensation of any kind from any person, other than the licensed real estate broker by whom he is employed, for any services rendered or work done by such salesman in buying . . . leasing. . . ."

While it seems somewhat unfair to deny a plaintiff the right to recover if he performed the services alleged, yet it appears that the Real Estate Brokers License Act is aimed at eliminating the very thing that plaintiff is seeking to do in this case. The purpose of this act is a good one in that it endeavors to license responsible people and prevent the general public from dealing with people who have not met the qualifications required to obtain a license. The overall purpose of the act is to protect the general public from being defrauded by irresponsible people.

Plaintiff, by his own allegation, admits that he is a licensed real estate salesman and, therefore, it is assumed that he has some knowledge of this act and was aware of its existence at the time that he performed the services for which he is seeking to recover. Such being the case, if plaintiff elected to continue to perform the services knowing that he was precluded from bringing a suit, his loss was brought about by his own actions and, therefore, he should have known

that in order to recover, compliance with the act was necessary.

We hold that plaintiff has no standing to recover for services rendered in collecting rents and management of real estate.

As for the services he performed in tax matters, his claim may be decided as any other claim would be.

### ORDER

And now, April 14, 1967, a summary judgment in favor of defendant is granted as to that portion of the complaint in assumpsit which deals with the collection of rentals and the management of real estate. Exceptions are granted to the summary judgment entered on behalf of defendants.